**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT KUJAT, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) |
| Plaintiff, | ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** |
| v. | ) ) |
| ROUNDY'S SUPERMARKETS INC. and ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S, | ) **Jury Trial Demanded** ) ) |
| Defendants. | ) Civil Action No. _____ ) ) |

## INTRODUCTION

Plaintiff Scott Kujat, individually and on behalf of all others similarly situated, through counsel, upon personal knowledge and upon information and belief as to other matters, files this Collective and Class Action Complaint (the "Complaint") against Defendants Roundy's Supermarkets Inc. ("Roundy's") and Roundy's Illinois LLC, d/b/a Mariano's ("Mariano's") (collectively "Defendants"), seeking all available relief under 1) the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*., and 2) the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.* ("IMWL").  The following allegations are based on Plaintiff's personal knowledge and belief and upon information made known to Plaintiff.

## NATURE OF THE ACTION

1.      This action seeks to recover unpaid overtime compensation under the FLSA for Plaintiff and other current and former Replenishment Managers ("RMs"), and similarly situated current and former employees holding comparable positions but different titles (including but not limited to "Overnight Managers") employed by Defendants in the United States, who worked

more than 40 hours in any given workweek, from three years before the date this Complaint was filed until entry of judgment in this matter (the "Relevant Time Period"), and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (the "Collective.")

2.      This action also seeks to recover unpaid overtime compensation under the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.* ("IMWL") for Plaintiff and other current and former RMs, who worked more than 40 hours in any workweek at any Mariano's location in Illinois during the Relevant Time Period, pursuant to Fed. R. Civ. P. 23 (the "Illinois Class").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §§ 1332 and 1367.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and Plaintiff resides in this District.

5.      Upon information and belief, Defendants regularly conduct business in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.      Plaintiff is an individual residing in Romeoville, Illinois.

8. Plaintiff was employed by and was permitted to work for Defendants as an RM from approximately January 2016 through May 2016 at the Mariano's location at 9504 142nd Street, Orland Park, Illinois 60462.

9. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), a copy of which is attached hereto.

10. Defendant Roundy's is a corporation organized and existing under the laws of Wisconsin, with its principal offices at 875 East Wisconsin Avenue, Milwaukee, WI 53202. According to its website, Roundy's Supermarkets, Inc. is a "leading grocer in the Midwest" and a wholly-owned subsidiary of the publicly-traded Kroger Co., located in Cincinnati, Ohio.[1] Roundy's Supermarkets, Inc. operates over 150 retail grocery stores, including over 40 Mariano's locations throughout the Chicagoland area.[2]

11. Defendant Mariano's is a limited liability corporation organized and existing under the laws of Wisconsin, with its principal offices at 875 East Wisconsin Avenue, Milwaukee, WI 53202.

12. At all times relevant herein, Defendant Mariano's has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 105/3(c) of the IMWL.

13. At all times relevant herein, Defendant Roundy's has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 105/3(c) of the IMWL

---

[1] *See* Roundy's Supermarket, Inc.'s Home Page, *available at* https://www.roundys.com (last visited August 3, 2018)
[2] *Id.*

14.     At all times relevant herein, Defendants were jointly Plaintiff's employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 105/3(c) of the IMWL.

15.     At all times relevant herein, Defendant Mariano's has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.     At all times relevant herein, Defendant Roundy's has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17.     At all times relevant herein, Defendant Mariano's has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).  Further, Defendant Mariano's has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.

18.     At all times relevant herein, Defendant Roundy's has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).  Further, Defendant Roundy's Supermarkets, Inc. has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.

19.     At all times relevant herein, Plaintiff and all similarly situated RMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4

20.     Defendants issued paychecks to the Plaintiff and all similarly situated employees during their employment.

21.     Defendant Mariano's suffered, permitted or directed the work of Plaintiff and similarly situated employees, and Defendant Mariano's benefited from work performed by Plaintiff and similarly situated employees.

22.     Defendant Roundy's suffered, permitted or directed the work of Plaintiff and similarly situated employees, and Defendant Roundy's benefited from work performed by Plaintiff and similarly situated employees.

23.     Pursuant to Defendants' policy, pattern, and practice, Defendants did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

24.     Defendants employed Plaintiff and the Collective and Illinois Class members as RMs.

25.     Defendants maintain control, oversight, and discretion over the operation of its retail grocery stores, including its employment practices with respect to Plaintiff, the Collective Members, and the Illinois Class members.

26.     Plaintiff and the Collective and Illinois Class members performed work as RMs that was integrated into the normal course of Defendants' business.

27.     Consistent with Defendants' policy, pattern and/or practice, Plaintiff and the Collective and Illinois Class members regularly worked in excess of 40 hours per workweek without being paid premium overtime wages, in violation of the FLSA and Illinois law.

28.     Defendants scheduled Plaintiff to work 50 hours per week, but Plaintiff actually worked 65 or more hours per week, and was not paid overtime compensation for the hours he worked in excess of 40.  For example, during the week of February 21-27, 2016, Plaintiff worked over 60 hours and was not paid overtime compensation.

29.     Defendants assigned all of the work performed by Plaintiff and the Collective and Illinois Class members, and are aware of all the work that they have performed.

30.     The work performed by Plaintiff and the Collective and Illinois Class members required little skill, no capital investment, and did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

31.     Throughout the Relevant Time Period, Plaintiff and the Collective and Illinois Class members performed the same primary job duties: unloading trucks, moving product throughout the store, stocking and facing shelves, setting up and taking down store displays, rearranging and reorganizing product, and cleaning.

32.     Throughout the Relevant Time Period, the primary job duties of Plaintiff and the Collective and Illinois Class members did not include: hiring, firing, disciplining, directing the work of other employees, or exercising meaningful independent judgment and discretion.

33.     The primary job duties of Plaintiff and the Collective and Illinois Class members did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature.  The performance of manual labor and non-exempt duties occupied the vast majority of Plaintiff's and the Collective and Illinois Class members' working hours.

34.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified all RMs and other similarly situated current and former employees

holding comparable positions but different titles as exempt from the overtime provisions of the FLSA and Illinois law.

35.     Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of RMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and the IMWL.

36.     Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and similarly situated ETLs worked.  The wages of Defendants' store-level employees were deducted from the labor budgets.  However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each store.  Defendants knew or recklessly disregarded the fact that the underfunding of store labor budgets resulted in Plaintiff and other similarly situated RMs (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

37.     Defendants knew, by virtue of the fact that their Store Managers (as its authorized agents) actually saw Plaintiff and other similarly situated RMs perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient).  Defendants knew that Plaintiff and other similarly situated RMs were performing the work of non-exempt employees and, based on their actual job duties, RMs did not fall within any FLSA or IMWL exemptions.  As substantial entities aware of their obligations under the FLSA and the laws of the states where they operate, Defendants acted willfully and/or

recklessly in failing to classify Plaintiff and other similarly situated RMs as non-exempt employees.

38. Defendants' unlawful conduct, as described above, was willful and/or in reckless disregard of the FLSA and IMWL, and was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and IMWL.

39. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA and related Illinois laws with respect to Plaintiff and the Collective and Illinois Class members. This policy, pattern, and practice includes, but it is not limited to, Defendants' knowledge of their obligations and the kind of work that Plaintiff and the Collective and Illinois Class members were, and have been, performing. As a result, Defendants have:

a. willfully misclassified Plaintiff and members of the Collective and Illinois Class;

b. willfully failed to pay Plaintiff and the members of the Collective and Illinois Class overtime wages for hours they worked in excess of 40 hours per week; and

c. willfully failed to provide enough money in its store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing RMs to perform such non-exempt tasks.

40. Defendants' willful violations of the FLSA and IMWL are further demonstrated by the fact that during the course of the Collective and Class Action Periods and continuing to the present, Defendants have failed to maintain accurate and sufficient time records for Plaintiff and the members of the Collective and Illinois Class. Defendants acted recklessly or in willful

disregard of the FLSA and Illinois law by instituting a policy and/or practice that did not allow Plaintiff to record all hours worked.

41.     Due to the foregoing, Defendants' failure to pay overtime wages for work performed by the Collective and Illinois Class Members in excess of 40 hours per workweek was willful and/or reckless, and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

42.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Defendants as RMs, and individuals holding comparable salaried positions but with different titles, within the United States at any time during the Relevant Time Period.

43.     Defendants are liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees.

44.     Upon information and belief, there are likely dozens of similarly situated current and former RMs who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

45.     The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## ILLINOIS CLASS ALLEGATIONS

46.     Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff seeks to prosecute his IMWL claim as a class action on behalf of all persons who are or were formerly employed by Defendants as RMs at any time during the Relevant Time Period (the "Illinois Class").

47.     The persons in the Illinois Class are so numerous that their joinder is impracticable.

48.     There are questions of law and fact common to the Illinois Class and such questions predominate over questions solely affecting individual members of the Class (for example, whether Defendants have misclassified RMs as exempt from the overtime provisions of the IMWL).

49.     Plaintiff's claims are typical of the claims of the Illinois Class, Plaintiff is an adequate representative to fairly prosecute the interests of the Class, and he has retained competent counsel to advance the interests of the Class.

50.     A class action in superior to other methods of adjudicating the IMWL misclassification claims set forth in this case.

### FIRST CAUSE OF ACTION
### (FLSA:  UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Collective Action Members)

51.     Plaintiff, on behalf of himself and all Collective Action Members, re-allege and incorporate by reference paragraphs 1 through 50 as if they were set forth again herein.

52.     At all relevant times, Defendant Mariano's has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Defendant Roundy's has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54.     At all relevant times, Defendants employed Plaintiff, and employed, or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

10

55.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

56.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

57.     At all relevant times and continuing to the present, Defendants have had a policy and practice of refusing to pay premium overtime compensation to their RMs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

58.     As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

59.     As a result of Defendants' willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Collective Action Members, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60.     As a result of Defendants' policy and practice of minimizing labor costs by underfunding labor budgets for their stores, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

61.     Due to Defendants' (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, (c) actual knowledge, through their store-level and district managers that the primary duties of Plaintiff and the Collective Action Members were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, (e) policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

62.     As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, are entitled to (a) recover from Defendants their unpaid wages for all of the hours worked by them, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

63.     Defendants' violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION
### (IMWL: UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and Illinois Class)

64.     Plaintiff and the Illinois Class re-allege and incorporate by reference paragraphs 1–41 and 46-50.

65.     At all relevant times, Plaintiff and the Illinois Class Members were employees of Defendants, and Defendants were employers within the meaning of the IMWL, 820 ILCS

105/3(c).

66.     Defendants misclassified Plaintiff and Illinois Class Members as exempt from the overtime provisions of the IMWL and failed to pay them overtime for hours worked in excess of 40 in a workweek.

67.     Plaintiff and Illinois Class Members consistently worked more than 40 hours in a workweek without being paid overtime compensation.

68.     Plaintiff and Illinois Class Members are entitled to unpaid overtime under the IMWL as well as all other relief provided by law, including damages in the amount of 2% of the amount of any such unpaid overtime for each month following the date of payment during which such overtime remains unpaid, prejudgment interest, and attorneys' fees and costs pursuant to §12(a) of the IMWL, 820 ILCS 105/12.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members and Illinois Class Action Members are entitled to and pray for the following relief:

a.      Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      Certification of this action as a class action on behalf of Illinois Class Members and prompt issuance of a notice to all similarly-situated persons, apprising them

of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

c.    A declaratory judgment that the practices complained of are unlawful under the FLSA and IMWL;

d.    An injunction requiring Defendants to cease their unlawful practices;

e.    An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA and IMWL, using the following common methodology for calculating damages:  ((Annual Salary $\div$ 52) $\div$ 40) x Total Number of Overtime Hours Worked x 1.5;

f.    An award of liquidated damages under the FLSA to the Plaintiff and Collective Action Members as a result of Defendants' willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

g.    An award of damages under the IMWL of 2% of the amount of any unpaid overtime for each month following the date of payment during which such unpaid overtime remains unpaid;

h.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i.    An award of prejudgment and post-judgment interest;

j.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff;

k.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff and the Collective Action Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: August 2, 2018

By: ___s/ Bethany A. Hilbert_____
C. Andrew Head
Bethany Hilbert
Head Law Firm, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Tel:  (404) 924-4151
Fax: (404) 796-7338
Email: ahead@headlawfirm.com

Fran L. Rudich*
Seth R. Lesser*
Christopher M. Timmel*
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220
Email: fran@klafterolsen.com
Email: seth@klafterolsen.com
Email: christopher.timmel@klafterolsen.com

*Attorneys for Plaintiff, Collective and the Illinois Class*

*to seek admission *pro hac vice*