# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT KUJAT, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>   Plaintiff,<br><br>   v.<br><br>ROUNDY'S SUPERMARKETS INC., and ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S,<br><br>   Defendants. | Case No. 18 C 5326<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott Kujat and Opt-In Plaintiffs Thomas Cerceo, Anthony Shapiro-Rizzi, and Nathan Farm (collectively, the "Plaintiffs") move for conditional certification and notice of a collective action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 16(b) ("FLSA"). For the reasons stated herein, Plaintiffs' Motion (Dkt. No. 28) is granted.

## I. BACKGROUND

This case concerns allegations of unpaid overtime arising from Plaintiffs' employment with Defendants Roundy's Supermarkets Inc. and Roundy's Illinois, LLC, d/b/a Mariano's (collectively, the "Defendants" or "Roundy's"). (Compl. ¶ 1, Dkt. No. 1.) Roundy's Supermarkets Inc. is a Wisconsin corporation that operates over 150 retail grocery stores, including approximately forty-four

Mariano's supermarket locations in the Chicagoland area. (Compl. ¶ 10.) Plaintiffs worked at Roundy's either or both as a Replenishment Manager and a Bench Replenishment Manager ("RMs"), the latter position serving as a training position for the former. (*See* Christa Bertolini Dep. 25:5-17, Ex. 3 to Pls.' Mot. for Conditional Cert., Dkt. No. 28-4.) Plaintiffs, like all other RMs, were classified as exempt under the Fair Labor Standards Act ("FLSA"). Plaintiffs now challenge that classification, alleging that Roundy's violated the FLSA by "willfully misclassifying them and failing to pay them, and other similarly situated RMs, overtime pay for all hours worked over [forty] hours in a workweek." (Pls.' Mot. for Conditional Cert. at 3, Dkt. No. 28.)

Now Plaintiffs move for conditional certification and notice of an FLSA collective action, defined as follows:

> All Replenishment Managers and Bench Replenishment Managers employed by Defendants Roundy's Supermarkets Inc. and Roundy's Illinois, LLC, d/b/a Mariano's at any location, at any time from August 3, 2015, to the present.

Before turning to the merits, an overview of the RM position and Roundy's policies regarding the position is in order.

### A. RMs: Duties and Responsibilities

RMs all share a single job description:

> Plans, directs, and manages store replenishment operations to promote and maximize sales and profit margins and achieve labor goals. Meets or exceeds

> budgeted targets through effective utilization of
> resources. Responsible for the overall processing of
> packaged, refrigerated, and dry goods.

(Position Description at 1, Ex. 4 to Pls.' Mot. for Conditional Cert., Dkt. No. 28-5.) This description applies to all RMs, regardless of store location, store size, the individual managers for whom the RMs work, the RMs' prior experience, or the RMs' seniority and length of tenures. (Bertolini Dep. 43:9-44:3.) RMs are also all subject to the same hiring process: they undergo interviews by the same personnel, who conduct the interview with the same outlines and forms. (Bertolini Dep. 86:18-87:24.) They are also subject to a uniform evaluation process, whereby RMs are evaluated using identical forms specific to the RM position, covering the same categories and using the same standards and expectations. (Bertolini Dep. 81:8-84:19.) Finally, all RMs work overnight shifts only, from 10:00 p.m. to 8:00 a.m., and must be scheduled to work for 50 hours per week. (Thomas Cerceo Decl. ¶ 14, Ex. 2 to Pls.' Mot. for Conditional Cert., Dkt. No. 28-3.)

Defendants have one uniform set of training materials for all RMs: "Mariano's Management Training Program — Replenishment" (the "Manual"). (Bertolini Dep. 49:24-52:6.; RM Training Manual, Ex. 5 to Pls.' Mot. for Conditional Cert., Dkt. No. 28-6.) The Manual contains training courses and online tutorials that every RM must complete while undergoing training. (Bertolini Dep. 51:23-52:6.)

Finally, through in-store computer terminals, all RMs also have access to the Manual, as well as other training modules, corporate policy documents, HR policies, and so forth. (Bertolini Dep. 58:15-60:11.)

### B. Corporate Policy and Practices

All RMs are bound by Roundy's corporate policies. These policies cover topics such as professional conduct, dress codes and uniform requirements, substance abuse, harassment, attendance, social media, and so forth. (Bertolini Dep. 61:18-63:25.) All RMs are also salaried employees. (Bertolini Dep. 74:16-18.) Defendants classify RMs as exempt from the FLSA, and do not pay RMs overtime when they work over forty hours in a workweek. (Bertolini Dep. 72:3-7.) Moreover, Defendants do not keep track of the hours RMs work. (Bertolini Dep. 74:1-4.) All RMs receive the same benefits, including sick time and personal days, vacation time, and ability to participate in the same 401(k) plan. (Bertolini Dep. 34:3-39:12.)

## II. ANALYSIS

The FLSA authorizes private employees to bring an overtime claim on behalf of themselves and other employees "similarly situated." 29 U.S.C. § 216(b). FLSA lawsuits do not proceed as traditional Rule 23 class actions but rather as "opt-in representative actions," or "collective actions." *Schaefer v.*

*Walker Bros. Enters.*, 829 F.3d 551, 553 (7th Cir. 2016); 29 U.S.C. § 216(b). A prospective member of the collective action may "opt-in" by filing a written consent form in the court where the action is brought; "a person who does not opt-in is not part of the collective action and is not bound by the court's decision." *Garcia v. Salamanca Grp., Ltd.*, No. 07 C 4665, 2008 WL 818532, at *2 (N.D. Ill. Mar. 24, 2008). A district court has wide discretion to manage collective actions. *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010) (citation omitted).

In this District, FLSA collective actions generally proceed under a two-step process. *Nicks v. Koch Meat Co.*, 265 F. Supp. 3d 841, 848 (N.D. Ill. 2017). First, a court considers whether to grant conditional certification of a collective. *Gomez v. PNC Bank, Nat'l Ass'n*, 306 F.R.D. 156, 173 (N.D. Ill. 2014). For conditional certification, the plaintiff must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.*; *see Howard v. Securitas Security Servs., USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *5 (N.D. Ill. Jan. 20, 2009) ("[T]he court looks for no more than a 'minimal showing' of similarity."); *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010) (emphasizing that the similarly situated standard is a liberal one that "typically results in conditional certification"

of a collective) (citation omitted). If the plaintiff meets this fairly lenient burden, then the court conditionally certifies the FLSA collective and allows the plaintiff to send notice of the case to employees who may be similarly situated and who may then opt in as plaintiffs. *Nicks*, 265 F. Supp. 3d at 849.

After the parties conduct discovery, the court conducts the second, more stringent step of the FLSA collective inquiry. *Rottman*, 735 F. Supp. 2d at 990. At this step, the court knows which employees constitute the collective, and it must then "reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Id.* (citation omitted). The second step is more demanding on the plaintiff. *Id.*

### A. Burden of Proof

As a preliminary matter, Defendants assert that discovery has taken place, thereby requiring this Court to apply the second, more stringent evidentiary standard. Plaintiffs point out that the parties agreed to a two-phase discovery process, with phase one limited to discovery related to conditional certification. Courts in this District refuse to skip the first step of the conditional certification inquiry "where the parties' agreed schedule indicates that there will be two stages of discovery." *Tamas v.*

*Family Video Movie Club, Inc.*, No. 11 C 1024, 2013 WL 4080649, at *3 (N.D. Ill. Aug. 13, 2013) (citing *Babych v. Psychiatric Solutions, Inc.*, No. 09 C 8000, 2011 WL 5507374, at *3 (N.D. Ill. Nov. 9, 2011) (collecting cases)); *see also Nicks*, 265 F. Supp. 3d at 850 (holding that "courts in this District generally apply the same lenient 'modest factual showing' standard to FLSA certification cases where the parties have engaged in some discovery, but have not engaged in explicit and substantial class discovery"). Accordingly, since Plaintiffs have only engaged in discovery limited to the first step of the conditional certification analysis, the Court will apply the more lenient standard. *See Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007) (applying the first step analysis where some but not all discovery had taken place).

## B. Similarly Situated

Defendants argue that the named Plaintiff, Scott Kujat, cannot show that he is similarly situated to other RMs. The Court's determination as to whether a collective action may be appropriate at the first step of the inquiry does not require adjudication of the merits of the claims; the named plaintiff need only show that "there is some factual nexus that connects her to other potential plaintiffs as victims of an unlawful practice." *Girolamo v. Community Physical & Assocs., Ltd.*, No. 15 C 2361, 2016 WL 3693426,

at *2 (N.D. Ill. July 12, 2016) (citation omitted); *see also Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003). At this stage, the Plaintiffs have met their burden.

Plaintiffs assert that they and similarly situated employees were all victims of Defendants' uniform misclassification of RMs as exempt from overtime requirements, even though Defendants require them to work unpaid overtime hours and to perform primarily duties that are non-exempt under the FLSA. A plaintiff can make a modest factual showing that conditional certification is warranted under the FLSA "by presenting evidence that similarly situated employees were subject to the same policy that misclassified them as exempt employees." *Hudson v. Protech Sec. Grp., Inc.*, 237 F. Supp. 3d 797, 802 (N.D. Ill. 2017); *see also Tamas*, 2013 WL 4080649, at *11. Here, Plaintiffs provide Defendants' Rule 30(b)(6) witness's testimony that the duties and responsibilities are the same for all RMs; Defendants use a single job description for the RM position; Defendants use a uniform hiring process and evaluation process for all RMs; and all RMs are subject to common corporately-derived policies, which they must sign and acknowledge. (*See generally* Bertolini Dep.) Moreover, the witness testified that all RMs are salaried employees and are classified as exempt and thus not eligible for overtime when working over forty hours a week. (Bertolini Dep. 72:3-7, 74:16-18.) Plaintiffs

also offer Kujat's deposition testimony and the declarations of the three additional Opt-in Plaintiffs to show that Plaintiffs: (1) routinely worked more than forty hours a week (*see* Anthony Shapiro-Rizzi Decl. ¶¶ 3-4, Ex. A to Pls.' Notice for Supp. Decl., Dkt. No. 34-1; Nathan Farm Decl. ¶¶ 3-4, Ex. B. to Pls.' Notice for Supp. Decl., Dkt. No. 34-2); (2) knew or spoke to other RMs that also performed the same tasks, received the same salary, and were not compensated for overtime hours (*see* Rizzi Decl. ¶ 12; Farm Decl. ¶ 10); and (3) spent most of their time performing manual labor (*see* Rizzi Decl. ¶ 5; Farm Decl. ¶ 5). The foregoing is more than enough evidence to pass the lenient test for conditional certification. *See, e.g., Bigger v. Facebook*, No. 17 C 7753, 2019 WL 1317665, at *12 (N.D. Ill. Mar. 22, 2019) (holding that the plaintiff made a "modest factual showing" by providing testimony that the proposed collective members maintained the same core job responsibilities, were all employed full-time, and had the same compensation structure); *Nicks*, 265 F. Supp. 3d at 853 (conditionally certifying collective where the plaintiffs submitted "multiple declarations from workers who worked at multiple locations in which they averred that they were regularly required to work more than 40 hours per week without being paid overtime").

Defendants nevertheless argues that Kujat is uniquely situated. They point out that in Kujat's testimony, he admits that he did not perform a single duty provided in the position description, nor did he engage in any of the uniform training. This argument is unpersuasive. Courts have granted conditional certification based on a common job description even though the description did not accurately describe the plaintiffs' job duties. *See Ibea v. Rite-Aid Corp.*, No. 11 Civ. 5260, 2012 WL 75426, at *3 (S.D.N.Y Jan. 9, 2012). Nevertheless, concerns regarding a lack of common facts among potential collective members and the need for individualized inquiries should be raised at step two, not step one. *See, e.g., Lukas v. Advocate Health Care Network & Subsidiaries*, No. 14 C 2740, 2014 WL 4783028, at *3 (N.D. Ill. Sept. 24, 2014) (citations omitted). Defendants enjoy "the opportunity to argue that individualized determinations predominate at the second step of the certification process." *Anyere v. Wells Fargo, Co., Inc.*, No. 09 C 2769, 2010 WL 1542180, at *3 (N.D. Ill. Apr. 12, 2010) (citation omitted). Accordingly, the Court will treat Kujat as similarly situated to the proposed collective members at this stage.

### C. Form of Notice

The Court next considers Plaintiffs' proposed form of notice. Plaintiffs seek to compel from Defendants the following: the names,

last known mailing addresses, last known telephone numbers, last known personal and work email addresses, dates of employment, and work locations for all collective members, as well as the social security numbers for those members whose notices are returned undeliverable. Plaintiffs also request to send notice by U.S. mail and email. Defendants object to the foregoing only in so far as they must disclose the email addresses, telephone numbers, and social security numbers of each collective member. They assert that providing notice by U.S. mail suffices and thus, providing such information is unnecessary and invades upon the privacy interests of the proposed collective members.

It is common practice to grant a request for potential plaintiffs' names, phone numbers, and physical addresses. *See, e.g., Muir v. Guardian Heating and Cooling Servs., Inc.*, No. 16 C 9755, 2017 WL 959028, at *10 (N.D. Ill. Mar. 13, 2017); *Boltinghouse v. Abbot Labs., Inc.*, 196 F. Supp. 3d 838, 844 (N.D. Ill. 2016). Nowadays, communications by email is also the "norm." *Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 965 (S.D. Ind. 2016), *on reconsideration in part,* 2016 WL 6083526 (S.D. Ind. Oct. 18, 2016) (citation omitted); *see also Pieksma v. Bridgeview Bank Mortg. Co., LLC*, 2016 WL 7409909, at *6 (N.D. Ill. Dec. 22, 2016). Courts in this District routinely approve notice distribution by both U.S. mail and email, since email is a ubiquitous means of

communication, and individuals often retain the same email address despite multiple changes in their mailing addresses. *See, e.g., Bigger*, 2019 WL 1317665, at *12. Providing notice both via U.S. mail and email is thus appropriate. Accordingly, the Court directs Defendants to provide Plaintiffs with the telephone numbers and email addresses of the proposed collective members.

The production of social security numbers requires greater scrutiny. Social security numbers are "sensitive personal data that should not be released unless necessary." *Slaughter v. Caiden Mgmt. Co., LLC*, 317 F. Supp. 3d 981, 995 (N.D. Ill. 2018) (citing *Blakes v. Ill. Bell Tel. Co.*, No. 11 CV 336, 2011 WL 2446598, at *7 (N.D. Ill. June 15, 2011) (finding that "providing sensitive personal data such as a social security number is not to be done lightly") (citation omitted)). Here, however, Plaintiffs have made clear that their request for such information is limited to collective members whose notices are returned undeliverable, both by U.S. mail and email. This is acceptable. The Court directs Defendants to provide Plaintiffs with members' social security numbers, but only when notice to those members is returned undeliverable. Finally, to address the privacy concerns, the Court will allow "[a] protective order limiting the use of this information to its intended purpose." *Russell v. Ill. Bell Tel. Co.*, 575 F. Supp. 2d 930, 939 (N.D. Ill. 2018).

In sum, the Court orders Defendants to produce to Plaintiffs within fourteen (14) days a computer-readable data file containing the names, last known mailing addresses, last known telephone numbers, last known personal and work email addresses, dates of employment, and work locations for all proposed collective members. For and upon receipt of notices to members returned undeliverable by both U.S. mail and email, Defendants must produce to Plaintiffs the social security numbers of those members. Finally, the Court authorizes the issuance of Plaintiffs' proposed Notice and Consent form (*see* Notice Form, Ex. 6 to Pls.' Mot. for Conditional Cert., Dkt. No. 28-7) to all collective members by U.S. Mail and email using a third-party administrator and a reminder notice during the opt-in period. The Defendants do not object to this form, and the Court finds it acceptable.

### III. <u>CONCLUSION</u>

For the reasons stated herein, Plaintiffs' Motion for Conditional Certification (Dkt. No. 28) is granted as follows:

1. The Court conditionally certifies a collective action by Plaintiffs and similarly situated members of the collective under 29 U.S.C. § 216(b), defined as:

> All Replenishment Managers and Bench Replenishment Managers employed by Defendants Roundy's Supermarkets Inc. and Roundy's Illinois, LLC, d/b/a Mariano's at any location, at any time from August 3, 2015, to the present.

2. The Court orders Defendants to produce to Plaintiffs within fourteen (14) days in a computer-readable data file the names, last known mailing addresses, last known telephone numbers, last known personal and work email addresses, dates of employment and work locations for all proposed collective members.

3. The Court orders Defendants to produce to Plaintiffs in a computer-readable data file the social security numbers of proposed collective members only upon receipt of notices to such members returned undeliverable by both U.S. mail and email.

4. The Court authorizes the issuance of Plaintiffs' proposed Notice and Consent form to all collective members by U.S. mail and email using a third-party administrator and a reminder notice during the opt-in period. The administrator is to maintain a case notice website containing the Notice and Consent form and allowing for the electronic submission of the form via online portal.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　United States District Court

Dated: 5/2/2019