# Exhibit A

## Goetz-Anderson, Jamie M. (Cincinnati)

| | |
|---|---|
| **From:** | Goetz-Anderson, Jamie M. (Cincinnati) |
| **Sent:** | Monday, June 14, 2021 2:16 PM |
| **To:** | Christopher Timmel; Montgomery, David K. (Cincinnati) |
| **Cc:** | Seth Lesser; Bethany Hilbert; C. Head |
| **Subject:** | RE: Kujat/Mariano's: Discovery Follow-Up. |

Hi Chris:

I was out of the office last week, and am getting caught up on emails today.

We are reviewing the privilege log entries that you've identified below, and will be back in touch shortly on whether we will agree to produce some/all of these documents.

We are working with our e-discovery vendor on the Szymanski review/production, and will let you know when we have an ETA.

Finally, we are still deciding which of the remaining discovery opt-ins we would like to depose. We will follow up with you once those decisions have been made.

If there is anything else that you'd like to discuss before our status conference later this week, please let us know.

Thanks,
Jamie


**Jamie M. Goetz-Anderson**
Attorney at Law
**Jackson Lewis P.C.**
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Direct: (513) 322-5029 | Main: (513) 898-0050
Jamie.Goetz-Anderson@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** Christopher Timmel <christopher.timmel@klafterlesser.com>
**Sent:** Thursday, June 10, 2021 12:14 PM
**To:** Goetz-Anderson, Jamie M. (Cincinnati) <Jamie.Goetz-Anderson@jacksonlewis.com>; Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>
**Cc:** Seth Lesser <seth@klafterlesser.com>; Bethany Hilbert <bhilbert@headlawfirm.com>; C. Head <ahead@headlawfirm.com>
**Subject:** Re: Kujat/Mariano's: Discovery Follow-Up.

[EXTERNAL SENDER]

Hi Jamie, thank you for your reply.

1. Regarding the 30(b)(6) deposition taken on March 19, 2021, we do not dispute that Ms. Bertolini had knowledge of relevant facts; our point is that we do not believe that Ms. Bertolini was prepared to testify as a 30(b)(6) witness as required by the federal rules. As she herself admitted, she did not understand her obligations as a 30(b)(6) witness, she made no attempts to learn about or to refresh her recollection about the deposition topics (despite having left the company in September 2019), spoke to nobody currently at Mariano's, and confirmed that the only documents she reviewed in advance of the deposition were about how to log on to the zoom call. Since we are set to talk again with the Judge next week, we think it makes sense to seek guidance from the Court on how to move forward on the issue.

2. Regarding the privilege log, as you reiterate in your email below, Mariano's intends to rely on the fall 2016 review of the RM position as the factual basis for its defenses in this matter. That Fall 2016 review was started and led by counsel. There is no privilege for those communications. Although your log does not include numbers or Bates labels for the entries, we request you produce the following emails from your log (all of which, incidentally, are from that fall 2016 period):

    a. Page 1: entries 2-8
    b. Page 6: entries 7-8
    c. Page 7: entries 1-7
    d. Page 8: entries 1-12
    e. Page 9: entry 13
    f. Page 10: entries 1-11
    g. Page 11: entries 1-10
    h. Page 12: entires 1-9

   We look forward to the amended privilege log with the redacted documents. As well, please include, as requested, any and all litigation holds issued in this case. When will you produce this log?

3. Regarding the class issues, thanks for that clarification. We will follow-up on this request.

4. Regarding the ESI, when will you produce this supplement? Also, when did Sheppard leave the company?

    a. Additionally, we request that you produce any notes, materials, presentations, powerpoints, invitations, emails, or documents of any kind, whether paper or electronic, relating to the meeting Ms. Bertolini described with Rosanova, Sheppard, and Szymanski at her March 19, 2021 deposition.

5. Last, as requested below, for the remaining opt-ins selected for deposition for whom you have not produced ESI, please confirm the dates they left Mariano's (if they have) and that Defendants do not have their company emails accounts available for production.

We're available to talk most of tomorrow (6/10) or Monday (6/13) to discuss any of the above. Thanks.

Christopher M. Timmel
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
(914) 934-9200 x 312
Fax: (914) 934-9220
christopher.timmel@klafterlesser.com

**PLEASE NOTE OUR NEW FIRM NAME AND EMAIL ADDRESS**

---

**From:** "Goetz-Anderson, Jamie M. (Cincinnati)" <Jamie.Goetz-Anderson@jacksonlewis.com>
**Date:** Friday, June 4, 2021 at 1:17 PM
**To:** Christopher Timmel <christopher.timmel@klafterlesser.com>, "Montgomery, David K. (Cincinnati)" <David.Montgomery@jacksonlewis.com>
**Cc:** "C. Head" <ahead@headlawfirm.com>, Seth Lesser <seth@klafterlesser.com>, Bethany Hilbert <bhilbert@headlawfirm.com>
**Subject:** RE: Kujat/Mariano's: Discovery Follow-Up.


Chris and Beth:

With regard to the discovery issues that you raised in our previous telephone call and your email yesterday, we provide the following response:

1. 30(b)(6) Deposition: Ms. Bertolini testified competently and thoroughly regarding the RM job and the company's 2016 review of the RM position, which form the factual bases of Mariano's defenses in this matter, including but not limited to its position that the RM position is properly classified as exempt and its defenses concerning good faith and willfulness. Ms. Bertolini had first-hand knowledge of these topics, and Mariano's undoubtedly produced the most knowledgeable witness for the deposition. If you are able to identify any substantive questions that Ms. Bertolini was not able to answer, please let us know and we will consider your request to re-open the deposition as to those topics. With respect to the remaining 30(b)(6) topics on which examination is permitted pursuant to the Court's March 8 Order, we have previously identified the witness who will testify regarding topic 5. We will identify witnesses for the remaining topics (3, 6, 10) shortly.

2. Privilege Log: We have not asserted privilege with respect to communications relating to the 2016 review of the RM position classification. As you know, we have produced numerous emails regarding that review (including emails to/from counsel), and did not prevent Ms. Bertolini from testifying about it (including her communications with in-house counsel) during her deposition. We do not agree, however, that Plaintiffs are entitled to all attorney communications prior to Plaintiff's filing of his complaint in this lawsuit. For example, there are several entries on the November 2020 privilege log that relate to legal advice relating to Kujat's pre-litigation administrative complaint. These have been properly withheld under the attorney-client privilege and/or work-product protection. Likewise, communications containing legal advice relating to the classification of positions other than the RM position or other, unrelated issues have also been properly withheld. If there are any specific entries on the privilege log that you have concerns about or believe should have been produced, we are happy to review those – but we do not agree with your contention that all pre-2018 communications are subject to discovery. Finally, as we previously agreed, we will update the privilege log to include communications that have been produced with redactions.

3. Illinois Class List: For purposes of mediation, we provided some additional information regarding potential members of the Illinois putative class at your request. However, the "Illinois class list" that you have requested is not discoverable prior to class certification. *See Kernats v. COMCAST Corp.*, 2010 U.S. Dist. LEXIS 20276 (N.D. Ill. Jan. 14, 2020) (denying motion to compel list of putative class members for Illinois state law claims). Although Beth's email was not clear, to the extent that you are alleging that you are missing information regarding the individuals who have opted into the FLSA collective action, please let us know.

4. Additional ESI: Don Rosanova's emails were searched as part of the recent ESI review and production, and any relevant non-privileged documents have been produced. We refer you back to our November 2020 emails concerning the parties' agreed-upon search parameters, including custodians. We do not believe that the other two additional

3

custodians for whom you have now requested ESI, Ken Szymanski and Robert Sheppard, are likely to have any relevant documents beyond what has already been produced, as Ms. Bertolini's testimony indicates that she met with them and Rosanova in person to review the recommendation from legal and make the final decision to keep the RM position classified as exempt. Moreover, because these individuals were not included on the thousands of pages of emails that Mariano's has already produced concerning the 2016 review of the RM position, it is evident that neither had significant involvement in that project beyond the one meeting that Ms. Bertolini described in her testimony. Furthermore, to the extent that any email communications regarding the reclassification did occur between the "operations team," such communications would have been included in both Rosanova and Bertolini's emails as well. Nonetheless, in an effort to resolve any discovery dispute, Mariano's will agree to review Szymanski's emails for the previously agreed-upon search terms and will produce any relevant, non-privileged documents that have not already been produced. Sheppard, however, has since left the company and his emails are no longer available. Any potentially-relevant ESI from Sheppard, however, can easily be replaced through the other three participants of the meeting that Ms. Bertolini described – Bertolini, Rosanova, and Szymanski.

Jamie

**Jamie M. Goetz-Anderson**
Attorney at Law
**Jackson Lewis P.C.**
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Direct: (513) 322-5029 | Main: (513) 898-0050
Jamie.Goetz-Anderson@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** Christopher Timmel <christopher.timmel@klafterlesser.com>
**Sent:** Thursday, June 3, 2021 6:47 PM
**To:** Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>; Goetz-Anderson, Jamie M. (Cincinnati) <Jamie.Goetz-Anderson@jacksonlewis.com>
**Cc:** C. Head <ahead@headlawfirm.com>; Seth Lesser <seth@klafterlesser.com>; Bethany Hilbert <bhilbert@headlawfirm.com>
**Subject:** Kujat/Mariano's: Discovery Follow-Up.

[EXTERNAL SENDER]

Hi David and Jamie –

Regarding our call from last week: when do you believe you will produce ESI for Rosanova, Szymanski, and Sheppard, as identified by Ms. Bertolini as directly involved in any review of the RM position?

Regarding the privilege log, as previously discussed, we do not believe that privilege applies to documents sent to and from counsel for Mariano's and Kroger that precede the filing of the complaint in the case. As Defendants have argued a good faith defense, and counsel was directly involved in the review of the RM position, these emails on your privilege log are discoverable and should be produced. Also, as previously discussed, please include any holds issued in this case on your log. Lastly, please supplement the log as you previously agreed to describe any redacted documents included in your production.

4

For the remaining opt-ins selected for deposition for whom you have not produced ESI, please confirm the dates they left Mariano's (if they have) and that Defendants do not have their company emails accounts available for production.

Finally, please respond to Beth's March 28, 2021 email (which was re-sent on May 4th) request regarding Illinois class member information.

Thank you,
Chris.

The information in this transmittal may be legally privileged, confidential, and/or otherwise protected by law from disclosure, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Klafter Lesser, LLP immediately at (914) 934-9200 or by return e-mail and take the steps necessary to delete it completely from your computer system. Thank you.
The information in this transmittal may be legally privileged, confidential, and/or otherwise protected by law from disclosure, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Klafter Lesser, LLP immediately at (914) 934-9200 or by return e-mail and take the steps necessary to delete it completely from your computer system. Thank you.